UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-419-FDW
(3:89-cr-46-FDW)

| | |
|---|---|
| **RUSSELL BRICE HINSON,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **IKE EICHENBLAUB, Regional Director,** ) | |
| **U.S. DEPARTMENT OF JUSTICE,** ) | |
| ) | |
| Respondents. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's Petition for Writ of Habeas Corpus, brought under 28 U.S.C. § 2241. (Doc. No. 1). For the reasons that follow, the Court dismisses the petition.

I.     **BACKGROUND**

Pro se Petitioner Russell Brice Hinson is currently incarcerated at Pender Correctional Institution serving a life sentence on a first-degree murder conviction. On April 5, 1989, Petitioner was indicted by the grand jury in this district on one count of conspiracy to threaten and intimidate two U.S. citizens, in violation of 18 U.S.C. § 241 (Count One), and of aiding and abetting in the attempt to intimidate and interfere with a black male occupying a dwelling with a person of another race, in violation of 42 U.S.C. § 3631(b)(1) (Count Two). (Criminal Case No. 3:89-cr-46-FDW-DSC, Doc. No. 1 at 2: Indictment).

Petitioner entered into a plea agreement with the Government and agreed to plead guilty to Count One, and the Government agreed to dismiss Count Two. On July 27, 1989, Petitioner

appeared with counsel for his Rule 11 plea hearing. The Court found a factual basis to support Petitioner's guilty plea to Count One and accepted the plea and proceeded to sentencing. The Court sentenced Petitioner to a five-year suspended sentence with the specific condition that Petitioner must not violate any federal, state, or local laws. (3:89-cr-46, Doc. No. 1 at 2). Petitioner did not file a direct appeal from this judgment.

On January 15, 1993, the U.S. Probation Office filed a probation violation report which alleged that Petitioner had been charged with first-degree murder in Union County, North Carolina. On December 16, 1993, Petitioner was convicted on the charge of first-degree murder in Union County Superior Court. Petitioner was sentenced to life imprisonment and his conviction and sentence were affirmed on appeal by the Supreme Court of North Carolina. State v. Hinson, 341 N.C. 66, 459 S.E.2d 261 (1995). Petitioner did not seek further review of this judgment.

On November 3, 1994, the U.S. Magistrate Judge issued a writ of habeas corpus ad prosequendum and Petitioner was delivered from the North Carolina Department of Corrections for a hearing in this Court on the alleged federal probation violation. Following the hearing, the Court revoked Petitioner's five-year suspended sentence and ordered that the five-year sentence be activated. The Court also ordered that Petitioner would serve this five-year sentence after the expiration of his state sentence of life imprisonment. (3:89-cr-46, Doc. No. 1 at 3). This judgment was filed on January 24, 1995, and Petitioner did not file an appeal.

On or around December 3, 2012, this Court received a letter from Petitioner dated November 28, 2012. Petitioner stated that unnamed prison staff had informed him several times that his federal sentence was ordered to run consecutively to his state sentence. However,

Petitioner stated that he was assigned a new case manager who informed him that his federal sentence was, in fact, to run concurrent with his state sentence. Petitioner claimed that a federal detainer had been placed in his prison file and that the detainer was hampering his eligibility for a host of rehabilitative programs in state prison and had hindered his "advancement through the custody levels." In sum, Petitioner moved the Court to order that his federal sentence run concurrently to his state sentence if that was not already the case. (3:12-cv-830-FDW, Doc. No. 2). On March 5, 2013, the Court entered an Order construing the motion as a motion to reduce sentence and denied Petitioner's motion. The Court noted that once a sentence had been imposed it could only be modified in a limited number of circumstances. (Id. at 2-3) (discussing provisions of 18 U.S.C. § 3582(c)). Petitioner did not appeal from this Order.

On October 1, 2013, Petitioner filed a § 2255 motion to vacate, again moving the Court to amend his judgment and order that his federal sentence run concurrently with his state sentence. (Case No. 3:13cv554-FDW). On October 11, 2013, this Court dismissed the motion to vacate as time-barred. On February 26, 2014, the Fourth Circuit dismissed Petitioner's appeal. United States v. Hinson, 556 Fed. Appx. 276 (4th Cir. 2014). Petitioner placed the instant § 2241 petition in the prison system for mailing on July 28, 2014, and it was stamp-filed in this Court on July 31, 2014. Petitioner again challenges the federal detainer and seeks to have this Court amend the federal sentence to run concurrently with the state sentence.

II.     **STANDARD OF REVIEW**

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief.

After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III. DISCUSSION

Petitioner filed the instant petition seeking to have the Court remove the federal detainer on his conviction and sentence in Criminal Case No. 3:89-cr-46. Petitioner has already filed a § 2255 motion to vacate bringing the same challenge he brings here, and the motion to vacate has been denied. A district court may not entertain a § 2241 petition attempting to invalidate a sentence or conviction unless a motion pursuant to § 2255 is "inadequate or ineffective to test the legality of [an inmate's] detention." Swain v. Pressley, 430 U.S. 372, 381 (1977). A procedural impediment to § 2255 relief, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review "inadequate" or "ineffective." See In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997). The United States Court of Appeals for the Fourth Circuit has found that § 2255 is inadequate or ineffective to test the legality of an inmate's conviction when the inmate satisfies a three-part standard by showing that:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

See In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). Here, applying the three-part test, Petitioner has not shown that § 2255 is inadequate or ineffective to test the legality of his underlying conviction. Thus, the § 2241 petition will be dismissed.

### IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Petitioner's § 2241 petition.

**IT IS, THEREFORE, ORDERED** that

1. Petitioner's § 2241 Petition, (Doc. No. 1), is **DISMISSED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: August 14, 2014

Frank D. Whitney
Chief United States District Judge